IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Yakov Halberstam,** | § § § § |
| Plaintiff, | § Civil Action No. § |
| v. | § § |
| **Pro Custom Solar LLC d/b/a Momentum Solar,** | § **Jury Trial Demanded** § § |
| Defendant. | § § § |

# COMPLAINT

**Yakov Halberstam** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Pro Custom Solar LLC d/b/a Momentum Solar** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of New York and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of New York.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Suffern, New York, 10901

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 3096 Hamilton Boulevard, Suite 2B, South Plainfield, New Jersey 07080.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number ending in 6509.

11. The area code for the number ending in 6509 is 845.

12. Area code 845 is an area code used in southeastern New York.

13. Plaintiff has only used this cellular telephone number for residential purposes.

14. Defendant called Plaintiff on his cellular telephone beginning in or around December 2020.

15. Defendant did not have Plaintiff's consent to call on his cellular telephone number.

16. Plaintiff did not request information from Defendant regarding solar energy.

17. Upon information and belief, when contacting Plaintiff, Defendant used a dialing system which had the capacity to store or call phone numbers using a random or sequential number generator.

18. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for collection and communication purposes.

19. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

20. The dialing system used by Defendant call phone numbers stored in those databases.

21. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

22. Upon information and belief, Defendant's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

23. Defendant's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

24. Furthermore, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls to be automatically dialed.

25. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls to the 10 digit telephone numbers in Defendant's stored list(s).

26. Plaintiff believes and avers that Defendant called her with an automatic telephone dialing system. Plaintiff believes this because Defendant's calls to Plaintiff began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

27. While Plaintiff has not had the benefit of discovery, she intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

28. Defendant's telephone calls were not made for "emergency purposes" but rather were to offer solar energy services.

29. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

30. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Yakov Halberstam,** respectfully prays for judgment as follows:

   a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3); and

   e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Yakov Halberstam**, demands a jury trial in this case.

Respectfully submitted,

Dated: 05/26/2021

By: /s/ Craig Thor Kimmel
 Craig Thor Kimmel, Esq.
 Kimmel & Silverman, P.C.
 30 East Butler Pike
 Ambler, PA 19002
 Phone: (215) 540-8888
 Facsimile: (877) 788-2864
 Email: teamkimmel@creditlaw.com